No. 22-30061

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**UNITED STATES OF AMERICA,**

            **Plaintiff-Appellee,**

v.

**CHRISTIAN JAMES PALMER,**

            **Defendant-Appellant.**

On Appeal From The United States District Court
For The District of Idaho
District Court No. 2:20-cr-0212-RCT
Hon. Richard C. Tallman, United States District Judge

**DEFENDANT - APPELLANT'S
REPLY BRIEF**

        Hannah Swenson, *Legal Extern*
        J. Stephen Roberts, Jr., *Attorney*
        Federal Defenders of Eastern
        Washington & Idaho
        10 N. Post Street, Ste. 700
        Spokane, Washington 99201
        (509) 624-7606
        Email: steve_roberts@fd.org
        Attorney for Defendant-Appellant

## TABLE OF CONTENTS

I. Summary of Reply ................................................................................... 4

II. Argument .................................................................................................. 5

    A. The Government fails to identify an adequate explanation for the district court's statutory-maximum sentence. .............................. 5

        1. "Context" fails to explain the statutory-maximum sentence. ......................................................................................... 5

        2. If anything, "context" shows that Mr. Palmer's sentence was unlawfully based on the unavailability of treatment options. ...................................................................................... 7

    B. The Government fails to show Mr. Palmer's statutory-maximum sentence was substantively reasonable. .............................. 9

III. Conclusion .............................................................................................. 10

# TABLE OF AUTHORITIES

## Cases

*Gall v. U.S.*,
  552 U.S. 38 (2007) ................................................................................ 3, 7
*Tapia v. U.S.*,
  564 U.S. 319 (2011) ........................................................................... 3, 8, 9
*U.S. v. Booker*,
  543 U.S. 220 (2005) ..................................................................................... 3
*U.S. v. Carty*,
  520 F.3d 984 (9th Cir. 2008)................................................................ 3, 7, 8
*U.S. v. Grant*,
  664 F.3d 276 (9th Cir. 2011).......................................................................... 3
*U.S. v. Miqbel*,
  444 F.3d (9th Cir. 2006) ........................................................................ 3, 10
*U.S. v. Valencia-Barragan*,
  608 F.3d 1103 (9th Cir. 2010)................................................................ 3, 10

## Statutes

18 U.S.C. § 3553................................................................................................ 3
18 U.S.C. § 3582 ........................................................................................... 3, 8
18 U.S.C. § 3583(c) ........................................................................................ 10
18 U.S.C. § 3742 ................................................................................................ 3
28 U.S.C. § 994.................................................................................................. 3
28 U.S.C. § 994(k) ............................................................................................. 9
Pub. L. No. 98-437, 98 Stat. 1837 ..................................................................... 3

## Rules

Fed. R. App. P. 29(a)(5)................................................................................... 12
Fed. R. App. P. 32(a)(5) and (6)...................................................................... 12
Fed. R. App. P. 32(f) ....................................................................................... 12

## I. Summary of Reply

Mr. Palmer was sentenced to the statutory maximum for commonplace supervision violations—drug use, a DUI, absconding. That sentence was more than double the high-end of the guidelines, more than double the sentence requested by the Government, and the only explanation for such a sentence is the district court's interest in qualifying Mr. Palmer for RDAP, an unlawful ground to extend a sentence. We can only guess, however, at the district court's decision because no legally sufficient explanation was provided. And in its answering brief, the Government locates none—indeed, the Government never really disputes that the record lacks an adequate explanation. Rather than acknowledge the procedural error, the Government argues the district court's reasoning can be *inferred* from the record, divined from the colloquy between the parties and the court. That is incorrect. Even if the district court's reasoning could be sufficiently inferred from the record (and it cannot), the only inferable basis for Mr. Palmer's sentence is RDAP qualification or the general unavailability of treatment options—plainly unlawful bases.

Beyond procedural error, the district court's stat-max sentence was substantively unreasonable. The Government argues that Mr. Palmer's numerous violations despite the warnings voiced by the court justifies the maximum sentence

4

possible. But the guidelines account for Mr. Palmer's criminal history and the nature of his violations, and the district court never explained why the maximum possible variance—the highest sentence for *any* violation—was warranted for run-of-the-mill behavior. While Mr. Palmer's behavior might be frustrating, this is the stuff district courts see across the country daily and precisely what the guidelines address. Mr. Palmer's sentence creates unwarranted sentencing disparity and should not stand. This Court should vacate Mr. Palmer's sentence and remand for resentencing.

## II.   Argument

### A.  The Government fails to identify an adequate explanation for the district court's statutory-maximum sentence.

In its response, the Government claims that "in context, the district court's reasons for the sentence were sufficiently clear . . . ."[1] Context fails to supply the missing information. And to the contrary, context suggests the district court relied on impermissible grounds.

### 1.   "Context" fails to explain the statutory-maximum sentence.

The Government argues that "the record in this case makes the court's reasoning clear," highlighting that "[t]he revocation sentencing hearing was one of a series" and that "the court [had] made it clear, in other words, that any future

---

[1] Dkt. 17 at 12 (Answering Brief) (emphasis added).

violations of its trust could have harsh consequences."[2] The Government's suggestions cannot undergird Mr. Palmer's sentence.

The "context," as the Government puts it, certainly suggests that Mr. Palmer had earned a sentence of incarceration—the district court had warned him already: "[w]e've tried everything else and it hasn't worked . . . . I'm thinking at this point, as I warned the last time . . . prison time is what we need here."[3] Indeed, the Defense agreed and recommended incarceration. But that is the extent of what we can glean from context: incarceration was warranted.

But that isn't the error. The district court procedurally erred in failing to explain the extent of incarceration—why 6 months, or 10 months, or even 20 months, wouldn't suffice. While adequate explanation can be inferred in some cases from the PSR or the record as a whole, inference isn't enough where a sentence is unusually harsh and far outside the guideline range. *See U.S. v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (inferring judicial explanation of sentencing reasoning is more likely sufficient for a within-guideline sentence because the Commission has already provided explanation of appropriateness). An explanation provided by the court confirms that the parties' arguments have been heard and

---

[2] Dkt. 17 at 15 (Answering Brief).
[3] ER-111 (Revocation Hearing Transcript).

that the decision isn't arbitrary or simply an expression of a judge's frustration. *Id.* A district court's explanation of its rationale for a major variance—a variance like that imposed on Mr. Palmer—"should be supported by a more significant justification . . . ." *Gall v. U.S.*, 552 U.S. 38, 50 (2007). And as such, "[t]he greater the variance, the more persuasive the justification will likely be" in accounting for potential risks of an unwarranted sentencing disparity. *See Carty*, 520 F.3d at 992. Here, the Government says only that the district court warned Mr. Palmer. But the Government fails to locate in "context" any explanation for the extent of the district court's variance—a *118%* deviation from the high end of his guideline range (5–11 months). The district court procedural erred.

> **2. If anything, "context" shows that Mr. Palmer's sentence was unlawfully based on the unavailability of treatment options.**

The Government concedes that "in the context of revocation sentences, courts may *not* impose a sentence based on certain factors, including a judgment regarding the need for treatment,"[4] but concludes that "the court did not rely on prohibited factors."[5] This is incorrect.

---

[4] Dkt. 17 at 13 (Answering Brief) (citing § 3582, § 3583(e), § 3553(a)(2)(A), and *Tapia v. U.S.*, 564 U.S. 319, 332 (2011)).

[5] Dkt. 17 at 14 (Answering Brief).

As the Government acknowledges, the district court 1) inquired about "potential additional treatment" for Mr. Palmer, 2) "realiz[ed] that none was available," and then 3) consequently "imposed the [statutory maximum] two-year sentence of imprisonment."[6] Indeed, the entire discussion about sentencing Mr. Palmer to the two-year statutory maximum was grounded in treatment concerns:

> "But let me ask counsel. If I were to impose a ***two-year sentence***, would that be long enough that he could actually get into a facility that would offer some of the programming that I agree he needs?"[7]
>
> "Ms. Hall, if I were to give him ***two years***, I assume, under the First Step Act, would he probably be released within six months of the end of his incarceration and put in a halfway house?"[8]
>
> "But wouldn't there also be available the component of being released short of ***two years*** to a halfway house like the RRC? . . . Or maybe a clean-and-sober facility? . . . So we could do it with two years [in prison] plus a year of supervised release?"[9]

Thus, there is only one conclusion this Court can infer: the district court issued a stat-max sentence based on treatment concerns. And § 3582(a) requires that imprisonment *shall not* be employed as a measure to promote rehabilitation, and a judge shall not sentence defendants simply to effectuate treatment. *See* 18 U.S.C. § 3582(a). Similarly 28 U.S.C. § 994(k) bars the Commission from recommending

---

[6] *See* Dkt. 17 at 16 (Answering Brief).

[7] ER-109 (Revocation Hearing Transcript).

[8] ER-112–13 (Revocation Hearing Transcript).

[9] ER-113–14 (Revocation Hearing Transcript) (emphasis added).

imprisonment based on an offender's rehabilitative needs. Congressional intent in relation to rehabilitation's role in sentencing is crystal clear—imprisonment is impermissible to effectuate it. *See Tapia*, 564 U.S. at 330 ("an unsuitable justification for a prison term"). Given that the error violated longstanding Supreme Court precedent, it is plain.

### B. The Government fails to show Mr. Palmer's statutory-maximum sentence was substantively reasonable.

The Government argues that the statutorily maximum sentence was necessary in the context of "escalating violations," which should be framed against Mr. Palmer's "unusually lenient [original sentence]—the court had given him a break."[10] This is a fallacy—and here is why.

Sentences for violations of supervised release are reviewed for reasonableness; sentence reasonableness must be framed to assess the sufficiency of a sentence to appropriately sanction for a "breach of trust." *See Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010); *U.S. v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (stating "a court may appropriately sanction a violator for his 'breach of trust' but may not punish him for the criminal conduct underlying the revocation."). So, rationalizing Mr. Palmer's maximized punishment based on the leniency of his original sentence is plainly unlawful—it is a retroactive attempt to

---

[10] *See* Dkt. 17 at 15 (Answering Brief).

9

use revocation to retract the leniency that Mr. Palmer was originally granted. Put another way, what the Government offers this Court as justification for the stat-max sentence—retracting leniency and punishing Mr. Palmer—is unlawful and requires reversal. *See* 18 U.S.C. § 3583(c) (omitting just punishment and deterrence as bases for a supervision sentence).

### III. Conclusion

For the reasons set forth above, Mr. Palmer respectfully requests that the revocation sentence be vacated and the matter remanded to the district court for resentencing.

DATED: December 27, 2022    Respectfully submitted,

By: */s/ J. Stephen Roberts, Jr.*
J. Stephen Roberts, Jr.
Federal Defenders of Eastern
Washington and Idaho
10 N. Post Street, Ste 700
Spokane, Washington 99201
(509) 624-7606
Email: Steve_Roberts@fd.org
Attorney for Defendant-Appellant

## United States Court of Appeals
## For the Ninth Circuit

### Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s):** 22-30061

I am the attorney or self-represented party.

**This brief contains** 1393 **words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
 [ ] it is a joint brief submitted by separately represented parties;
 [ ] a party or parties are filing a single brief in response to multiple briefs; or
 [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

Signature: *s/J. Stephen Roberts, Jr.*   **Date:** December 27, 2022
 J. Stephen Roberts, Jr.